**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CECIL JONES**                                                                                              **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 3:21-cv-9-TSL-RPM**

**METROPOLITAN TOWER LIFE
INSURANCE COMPANY**                                                    **DEFENDANT**

**ANSWER AND COUNTERCLAIM OF
<u>METROPOLITAN TOWER LIFE INSURANCE COMPANY</u>**

**COMES NOW** Metropolitan Tower Life Insurance Company ("MetLife"), by and through counsel, and submits its Answer and Affirmative Defenses in response to Plaintiff's Complaint.

**<u>FIRST DEFENSE</u>**

Plaintiff's Complaint fails to state a claim against MetLife upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

Defendant would show that the Complaint fails to state a claim or cause of action for punitive damages against it upon which any relief can be granted.

**<u>THIRD DEFENSE</u>**

The imposition of punitive damages in this case would violate certain provisions and safeguards of the Constitution of the United States, including, but not limited to, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, which guarantee MetLife due process of law and equal protection, among other guarantees. Without any limitation, MetLife would show that the law by which it may be subject to punitive damages is unconstitutionally vague, facilitates verdicts which bear no rational relationship to any alleged harm or legitimate interest, allows the

jury unfettered discretion, discriminates against defendants based on wealth or status, provides no meaningful judicial process for review, places no rational limitation on the amount awarded, permits the jury to be influenced by passion and prejudice, is penal in nature, fails to provide the substantive and procedural safeguards afforded to criminal defendants, such as requiring proof beyond a reasonable doubt, allows the imposition of excessive fines, and does not conform to the principles established by the United States Supreme Court.  Finally, MetLife would show that the imposition of punitive damages would violate Article I, Section X, of the United States Constitution.  MetLife further pleads that the imposition of any punitive damages in this case would violate similar and related provisions of the Constitution of the State of Mississippi.

**FOURTH DEFENSE**

And now, answering the allegations of Plaintiff's Complaint, paragraph by paragraph, and without waiving any of the defenses asserted herein, MetLife would show:

**PARTIES**

1. On information and belief, the allegations of Paragraph 1 of the Complaint are admitted.

2. MetLife admits the allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. MetLife denies the allegations of Paragraph 3 of the Complaint and would show that jurisdiction is proper in the United States District Court for the Southern District of Mississippi, Northern Division.

4. MetLife denies the allegations of Paragraph 4 of the Complaint and would show that venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division.

**ALLEGED FACTS & CAUSES OF ACTION**

5. MetLife denies the allegations of Paragraph 5 of the Complaint except it is admitted that, pursuant to an application completed in Rankin County, Mississippi, to convert a previously issued term life insurance policy, General American Life Insurance Company issued its Policy Number 6,032,340 with an issue date of April 18, 2004, that Jackie D. Thompson was the insured thereof, and that Plaintiff was the Owner and Primary Beneficiary thereof.

6. MetLife denies the allegations of Paragraph 6 of the Complaint except it is admitted that it is the insuring entity behind the subject Policy Number 6,032,340.

7. MetLife denies the allegations of Paragraph 7 of the Complaint except it is admitted, on information and belief, that the insured, Jackie D. Thompson, died on April 14, 2020, and that the subject policy was in force and effect at the time of death.

8. MetLife denies the allegations of Paragraph 8 of the Complaint except it is admitted that Plaintiff filed a claim for the benefits of the subject life insurance policy, that MetLife paid unto the Plaintiff the policy benefits payable thereunder in the amount of $177,880.66, and that Plaintiff seeks herein to recover additional amounts.

9. MetLife denies the allegations of Paragraph 9 of the Complaint except it is admitted that the Insured's Date of Birth and Age Nearest Birthday were misstated in the Part I Application for the term life insurance policy dated September 3, 1996, signed by the insured and the Plaintiff, and that the Insured's Date of Birth and Age (Nearest Birthday) were again misstated in the Term Conversion application dated March 19, 2004, also signed by Plaintiff. MetLife further admits that the insured's Date of Birth was correctly stated in the Part II Application, Medical Declarations, dated September 3, 1996. MetLife would further show that the subject policy was issued based on the incorrect date of birth and age and neither the owner

nor the insured ever disputed or corrected that information. Moreover, the premium charged and paid for the policy was based on the incorrect date of birth and age of the insured. Accordingly, MetLife's liability under the policy and applicable law is limited to the amount of insurance as the premiums paid would have purchased for the insured at his actual age, reckoning according to the applicable rate tables, which amount MetLife paid.

10. MetLife denies the allegations of Paragraph 10 of the Complaint.

11. MetLife denies the allegations of Paragraph 11 of the Complaint.

In response to the unnumbered paragraph beginning with the words, "WHEREFORE, PREMISES CONSIDERED," MetLife denies the allegations of same and denies that Plaintiff is entitled to the relief sought or any other relief.

**Preliminary Statement**

In further response to the Plaintiff's Complaint, MetLife asserts the following defenses. The denomination of any matter below as a defense is not an admission that MetLife bears the burden of persuasion, burden of proof or burden of producing evidence with respect to any such matter.

**FIFTH DEFENSE**

Plaintiff's claim is subject to the terms, conditions, and other provision of the subject policy as well as applicable Mississippi law. The policy provides that, "[i]f there is a misstatement of age … in the application, the amount of the death benefit will be that which would be purchased by the most recent monthly cost of insurance rate at the correct age …." Likewise, Miss. Code Ann. §83-7-15 provides:

> Any misstatement of age in any policy, certificate, or contract of life insurance in any form shall not invalidate said policy, certificate, or contract of life insurance; but in such a case when a loss occurs, the beneficiaries shall recover on said policy, certificate, or contract of insurance such an amount of insurance as the

      premiums paid would have purchased for the insured at his actual age, reckoning according to the rate tables of said insurance company.

Inasmuch as the insured's age and date of birth was misstated in the application and the premium charged and paid was based on that misstatement, MetLife's liability under the policy is for the amount of insurance as the premiums paid would have purchased for the insured at his actual age according to the applicable rate tables. MetLife paid said amount and pleads payment as a defense.

### SIXTH DEFENSE

MetLife's payment of benefits under the subject policy was made in good faith, relying on its records and/or evidence supplied to it, and, thus, its duties under the subject policy have been fully discharged.

### SEVENTH DEFENSE

Should there be a determination that Plaintiff is entitled to additional life insurance benefits under the subject policy, MetLife is entitled to an offset in the amount of $11,534.61 being the cost of additional premium which should have been paid, according to the applicable rate tables, to purchase said amount of insurance for the insured at his actual age.

### EIGHTH DEFENSE

Plaintiff should be estopped by his conduct from asserting the claims herein. Accordingly, MetLife pleads estoppel.

### NINTH DEFENSE

Additionally, the facts having not yet been fully developed, MetLife pleads the following affirmative defenses: accord and satisfaction, release, illegality, waiver, laches, discharge and bankruptcy, statute of frauds, and any other matter constituting an avoidance or affirmative defense as may be shown by the facts in this cause, including, but not limited to, the right to

claim indemnity from any or all other parties and to file a cross-claim or other pleading to assert said claim.

**AND NOW**, having fully answered the allegations of the Complaint filed against it herein, Defendant, Metropolitan Tower Life Insurance Company, requests that the Complaint be dismissed with prejudice and that it be awarded its costs.

## COUNTERCLAIM

Comes now, Metropolitan Tower Life Insurance Company (hereinafter "MetLife"), Defendant herein, and respectfully states as its Counterclaim against Plaintiff, Cecil Jones ("Mr. Jones"), the following:

1. MetLife is a foreign insurance company doing business in the State of Mississippi.

2. As alleged in the Complaint, Mr. Jones is an adult resident citizen of Forrest County, Mississippi.

3. On or about September 3, 1996, Plaintiff made application to General American Life Insurance Company, now known as Metropolitan Tower Life Insurance Company, for a term life insurance policy insuring the life of Jackie D. Thompson.

4. The Date of Birth for the insured was misstated in the Part I Application as being March 19, 1939, when, in fact, the insured's correct date of birth was March 19, 1938.

5. The Age Nearest Birthday was likewise misstated in the Part I Application as being 57, when, in fact, the insured's Age Nearest Birthday on the date of said application being September 3, 1996, was 58.

6. Thereafter, General American Life Insurance Company, n/k/a Metropolitan Tower Life Insurance Company, issued its term life insurance policy no. 3336872 to the Plaintiff insuring the life of Jackie D. Thompson.

7. The premiums charged and paid for term life insurance policy no. 3336872 were based on the misstated age contained in the Part I application.

8. On or about March 19, 2004, Plaintiff made application to convert term life insurance policy no. 3336872 to a Flexible Premium Adjustable Life Insurance policy.

9. In the March 19, 2004, conversion application, the insured's Date of Birth was again misstated to be March 19, 1939.

10. Further, the Age (Nearest Birthday) of the insured was misstated in the March 19, 2004, conversion application to be 65 when, in fact, his actual age as of that date was 66.

11. In response to the March 19, 2004, conversion application, the subject policy no. 6,032,340 was issued to Plaintiff insuring the life of Jackie D. Thompson.

12. As reflected on the General Policy Specifications page of the subject policy (Doc. # 1-1, p. 3) the policy was issued based on the insured's misstated age of 65 rather than his actual age of 66.

13. The premiums charged and paid by Plaintiff for the subject policy were based on the misstated age of the insured.

14. The total premiums paid by Plaintiff for the subject coverages amount to $67,277.32 whereas the total premiums which should have been paid by Plaintiff for $200,000 coverage on the life of Jackie D. Thompson based on his correct and actual date of birth, according to the applicable rate tables, is $78,811.93.

15. In the event that the Court awards Plaintiff the additional $22,119.34 in life insurance benefits sought through the Complaint, then MetLife is entitled to an award of the additional premium which should have been paid for said coverage in the amount of $11,534.61.

**WHEREFORE, PREMISES CONSIDERED**, Counterclaimant, Metropolitan Tower Life Insurance Company, respectfully requests that, if the Court awards Plaintiff the additional $22,119.34 in life insurance benefits sought through the Complaint, that it also enter a judgment in MetLife's favor for $11,534.61, plus prejudgment interest, costs, and other such relief as may be necessary and appropriate in the premises.

This, the 13th day of January, 2021.

Respectfully submitted,

**METROPOLITAN TOWER LIFE INSURANCE COMPANY**

By:  */s/ Kenna L. Mansfield, Jr.*
Kenna L. Mansfield, Jr. (MSB #1855)
*Its Attorney*

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Post Office Box 131
Jackson, MS 39205-0131
Telephone: (601) 605-6900
kmansfield@wellsmar.com

## **CERTIFICATE OF SERVICE**

      I, Kenna L. Mansfield, Jr., do hereby certify that I have this day served the above and foregoing *Answer*, using the ECF filing system, which automatically emailed a copy to the following counsel of record:

    Arthur F. Jernigan, Jr., Esq.
    F. Russell Brabec, Esq.
    JERNIGAN COPELAND ATTORNEYS, PLLC
    970 Ebenezer Boulevard (39110)
    Post Office Box 2249
    Madison, MS 39130
    ajernigan@jcalawfirm.com
    rbrabec@jcalawfirm.com

This, the 13th day of January, 2021.

                                    */s/  Kenna L. Mansfield, Jr.*
                                    Kenna L. Mansfield, Jr.